911 F.2d 722
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel D. GARNER, Plaintiff-Appellant,
v.
Superintendent MOORE, Sgt. Scales, Defendants-Appellees.
 No. 89-6340.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1990.
Decided July 31, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Hiram H. Ward, Senior District Judge. (CA-87-407-S)
 Kenneth Perry McNeely, Moore & Van Allen, Charlotte, N.C., (argued), for appellant; James P. McLoughlin, Jr., Moore & Van Allen, Charlotte, N.C., on brief.
 LeVee Hamer Jackson, Assistant Attorney General, North Carolina Department of Justice, Raleigh, N.C., (argued), for appellees; Lacy H. Thornburg, Attorney General, North Carolina Department of Justice, Raleigh, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Samuel Garner challenges a district court order granting summary judgment to certain North Carolina prison officials whom he sued under 42 U.S.C. Sec. 1983 for allegedly violating his right to due process. We affirm.
 
 
 2
 * On May 7, 1987, a corrections officer reported discovering unauthorized clothing and a small amount of prescription medicine in Garner's cell at the Davie Correctional Center in Mocksville, North Carolina. He informed David Scales, a sergeant at the facility, who placed Garner in solitary administrative segregation pending investigation. Scales advised Garner of the charge against him and received Garner's oral statement that he was not guilty. Garner declined to make a written statement. Scales obtained an extension of time in which to investigate the possible disciplinary infraction and finished his probe eight days after Garner was segregated. Prison superintendent Wayne Moore then met with Garner, told him the incident would be referred to the Area Disciplinary Committee for hearing, and released him from solitary confinement. At a hearing on June 1, Garner was found not guilty of possessing excess medication and guilty of possessing unauthorized clothing. He was sentenced to one to eight days of disciplinary segregation, with the eight days he had spent in administrative segregation credited toward his punishment.
 
 
 3
 On June 24, 1987, Garner filed this Sec. 1983 action against Moore, Scales, and others[1] alleging various violations of his constitutional rights. The district court adopted a magistrate's recommendation that the prison officials be granted summary judgment. We affirmed in part, but remanded for a determination by the district court as to whether the defendants had violated Garner's right to procedural due process by disregarding North Carolina regulations governing the administrative segregation of prisoners. The lower court subsequently adopted a magistrate's findings that Garner had a liberty interest in avoiding administrative segregation that was protected by the due process clause of the fourteenth amendment, but that Garner had received all the process that was due. Garner appeals.
 
 II
 
 4
 In Hewitt v. Helms, 459 U.S. 460, 471 (1983), the Supreme Court explained that the mere presence of procedural guidelines concerning administrative segregation does not create a liberty interest, but that "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected liberty interest." Id. at 472; see also Kentucky Dep't of Corrections v. Thompson, 490 U.S. ----, 109 S.Ct. 1904, 1908-10 (1989). Garner urges that the North Carolina prison regulations governing administrative segregation met this standard and thereby created a protected liberty interest.
 
 
 5
 While state regulations may establish a liberty interest, however, they do not define the contours of the procedure required to protect the interest. That standard is constitutional and requires in an administrative segregation case only an "informal, nonadversary evidentiary review." Hewitt, 459 U.S. at 476. More specifically,
 
 
 6
 [a]n inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose, although prison administrators may find it more useful to permit oral presentations in cases where they believe a written statement would be ineffective. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.
 
 
 7
 Id. This procedure must take place "within a reasonable time following an inmate's transfer." Id. at 476 n. 8.
 
 
 8
 Assuming without deciding that the North Carolina prison regulations created a liberty interest, we conclude that Garner was accorded adequate process under the standard enunciated in Hewitt.[2] After reviewing the affidavits submitted below, the magistrate concluded that Garner received both "notice of the reason for the transfer and an opportunity to respond to the charges, both orally and in writing" on the day he was placed in segregation:
 
 
 9
 Scales told plaintiff of the nature of the charge on 7 May 1987, heard plaintiff's statement that he was not guilty and, upon reviewing the evidence available to him, determined that Garner should be placed in administrative segregation pending a further investigation. Within a week, Garner was given another opportunity to make a statement. Also within a week of the transfer, plaintiff had the further opportunity to give his statement of innocence to Superintendent Moore. Final review of the decision to leave Garner in administrative segregation pending disciplinary action was made by Superintendent Moore within 8 days of May 7.
 
 
 10
 (Citations omitted.) The district court adopted the magistrate's recommendation that this procedure met the Hewitt standard. We agree and affirm the decision of the district court granting summary judgment to Scales and Moore.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The other defendants--Kenneth Blackburn, Roland Brown, and Stephen Luper--were later dismissed with prejudice by stipulation
 
 
 [2]
 We therefore do not address Garner's contention that Moore and Scales waived review of the magistrate's conclusion that the prison regulations create a liberty interest. Similarly, we need not reach the question of whether Moore and Scales waived the defense of qualified immunity